**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D

DEC 18 2012

J. T NOBLIN  CLERK
BY **PLAINTIFF** DEPUTY

**STATE FARM FIRE AND CASUALTY COMPANY,**

**VS.**                                   CIVIL ACTION NO. 3:12cv864 TSL-MTP

**EASTOVER LAKE ASSOCIATION, INC.;
JACK HERRIN; LEIGH M. HERRIN;
C. LEE LOTT, JR.; NINA D. LOTT;
The ESTATE OF RANDLE C. VOYLES;
ELIZABETH R. VOYLES;
CATHERINE D. ROBINSON; LINDA H. BARRETT;
SIDNEY S. LEE; GRACE P. LEE; MICHAEL BORNE;
The ESTATE OF BRYANT M. ALLEN;
DORIS J. ALLEN; HONEY E. HOLMAN;
HERBERT B. IVISON, JR. RESIDENCE TRUST;
KATHLEEN S. GORDON; KYLE GORDON;
JAMES D. GORDON; JO JEFF F. GORDON;
STEVE G. ROGERS; ANNE W. ROGERS;
AUBURN C. LAMBETH; GLENN F. MORRIS;
MILDRED M. MORRIS; SCOTT G. LAMB;
GAIL T. LAMB; THE ESTATE OF T.L. CARRAWAY, JR.,
DECEASED; THOMAS L. CARRAWAY JR. LIVING
TRUST U/A 6/1/2003; SYLVIA CARRAWAY; NATIONWIDE
MUTUAL FIRE INSURANCE COMPANY; ABC INSURANCE
COMPANIES 1-10; JOHN DOE HOMEOWNERS 1-100;
JANE DOE OFFICERS/DIRECTORS/BOARD
MEMBERS OF EASTOVER LAKE ASSOCIATION, INC. 1-100;**          **DEFENDANTS**

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW**, the Plaintiff, State Farm Fire and Casualty Company, (hereinafter "State

Farm"), by and through its attorney of record and files its action for a declaratory judgment,

pursuant to 28 U. S. C. 2201 and Rule 57 of the Federal Rules of Civil Procedure, to determine the

obligations owed by State Farm to any of its insureds and claimants in the Hinds County Chancery

Court, Civil Action No. G-2006-1760 and the appeal thereof to the Mississippi Supreme Court, and

in support thereof, would show as follows:

## PARTIES

1.    State Farm Fire and Casualty Company is incorporated under the laws of the State of Illinois, and is licensed to and is doing business in the State of Mississippi.

2.    Defendant Eastover Lake Association, Inc., is a Mississippi corporation that may be served by process on its registered agent James A. Becker, Jr., 3950 Eastover Drive, Jackson, Mississippi.

3.    Defendants Jack Herrin and Leigh Herrin are both adult resident citizens of Hinds County, Mississippi who may be served with process at 3834 Eastover Dr., Jackson, MS 39211.

4.    Defendants C. Lee Lott, Jr. and Nina D. Lott are adult resident citizens of Hinds County, Mississippi who may be served with process at 3900 Eastover Dr., Jackson, MS 39211.

5.    Defendant C. Randle Voyles is believed to be deceased, and it is unknown whether an Estate has been opened for him at this time.

6.    Defendant Elizabeth R. Voyles is an adult resident citizen of Hinds County, Mississippi who may be served with process at 3838 Eastover Dr., Jackson, MS 39211.

7.    Defendant Catherine D. Robinson is an adult resident citizen of Hinds County, Mississippi who may be served with process at 3850 Eastover Dr., Jackson, MS 39211.

8.    Defendant Linda H. Barrett is an adult resident citizen of Hinds County, Mississippi who may be served with process at 4708 Calnita Place, Jackson, MS 39211.

9.    Defendants Sidney S. Lee and Grace P. Lee are adult resident citizens of Hinds County, Mississippi who may be served with process at 387 Rolling Meadows, Ridgeland, MS 39157.

2

10.    Defendant Michael Borne is an adult resident citizen of Hinds County, Mississippi who may be served with process at 2601 Lake Circle, Jackson, MS 39211.

11.    Defendant the Estate of Bryant M. Allen, Deceased, may be served with process through service on the Administrator of the Estate, Doris J. Allen.

12.    Defendant Doris J. Allen is an adult resident citizen of Hinds County, Mississippi who may be served with process at 2611 Lake Circle Dr., Jackson, MS 39211.

13.    Defendant Honey E. Holman is an adult resident citizen of Hinds County, Mississippi who may be served with process at 3829 Greentree Pl., Jackson, MS 39211.

14.    Defendant Herbert B. Ivison Jr., Residence Trust is a trust created by a Trust Agreement dated the 13th day of December 2002, and which Certificate of Trust is filed of record in the office of the Chancery Clerk of Hinds County, Mississippi in Book 5719 at Page 276, which may be served with process by serving the Trustee, Herbert B. Ivison, Jr., at 2631 Lake Circle, Jackson, MS 39211.

15.    Defendants James D. Gordon, Jo Jeff F. Gordon, Kathleen S. Gordon and Kyle Gordon are adult resident citizens of Hinds County, Mississippi who may be served with process at 2653 Lake Circle Dr., Jackson, MS 39211.

16.    Defendants Steven G. Rogers and Anne W. Rogers are adult resident citizens of Hinds County, Mississippi who may be served with process at 2659 Lake Circle Dr., Jackson, MS 39211.

17.    Defendant Auburn Lambeth is an adult resident citizen of Hinds County, Mississippi who may be served with process at 2671 Lake Circle Dr., Jackson, MS 39211.

18.    Defendants Scott G. Lamb and Gail T. Lamb are adult resident citizens of Hinds County,

3

Mississippi who may be served with process at 2683 Lake Circle Dr., Jackson, MS 39211.

19.   Defendant The Estate of T.L. Carraway, Jr., Deceased, may be served by serving process on the Administratrix of the Estate, Sylvia Carraway, at 2680 Lake Circle Dr., Jackson, MS 39211.

20.   Defendant Thomas L. Carraway Jr. Living Trust may be served by serving process on the Trustee, Sylvia Carraway at 2680 Lake Circle Dr., Jackson, MS 39211.

21.   Defendant Nationwide Mutual Fire Insurance Company is a mutual fire insurance company authorized to conduct business in the State of Mississippi which may be served by serving process on its registered agent, CT Corp. System of Mississippi at 645 Lakeland Dr., Ste. 101, Flowood, MS 39232.

22.   Defendant ABC INSURANCE COMPANIES 1-10, are other insurance companies who may have some obligation to pay a portion of any judgment or award rendered in the Hinds County Chancery Court case Civil Action No. G-2006-1760 and/ or defense costs, attorneys' fees and expenses incurred for and on behalf of State Farm and its insureds in defending said action.

23.   Defendant JOHN DOE HOMEOWNERS 1-100 are persons who own a home located in the Eastover Lake subdivision which may be affected by any judgment or award rendered in the Hinds County Chancery Court case Civil Action No. G-2006-1760, some of whom may be or have been insured by State Farm.

24.   Defendant JANE DOE OFFICERS/DIRECTORS/BOARD MEMBERS OF EASTOVER LAKE ASSOCIATION, INC. 1-100 are unknown persons who are or may have served as officers, directors or board members of the Eastover Lake Association, Inc.

4

## JURISDICTION AND VENUE

23.   This Court has jurisdiction pursuant to the provisions of 28 USC §1332 (a), as this action is between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum and value of $75,000.00, based upon the coverages at issue in this declaratory judgment action.

24.   Venue is properly laid in the Jackson Division of the Southern District of Mississippi pursuant to 28 USC §1391 (a) and (c), as well as the Uniform District Court Rules of the Northern and Southern Districts of Mississippi.

## REQUEST FOR DECLARATORY RELIEF

25.   There is a real, substantial, and justiciable controversy between the parties concerning the rights and duties of the parties with respect to any final judgment or award rendered in the Hinds County Chancery Court, Civil Action No. 2006-1760 pursuant to the various contracts of insurance which may provide coverage for some or all of any final judgment or award.

26.   This is an action for a declaratory judgment pursuant to 28 USC §2201 for the purpose of determining questions of actual dispute and controversy between the parties as will be more fully described herein.

5

## FACTS GIVING RISE TO DISPUTE

27.     On October 9, 2006, T.L. Carraway, Jr., now deceased, filed suit in the Chancery Court for
Hinds County, Mississippi, Civil Action No. G-2006 1760 (hereinafter "*Carraway* suit")
styled *T.L. Carraway, Jr. v. Eastover Lake Association, Inc.; Jack Herrin; Leigh Herrin; C.
Lee Lott, Jr.; Nina D. Lott; Randle C. Voyles; Elizabeth R. Voyles; Catherine D. Robinson;
Linda H. Barrett; Sidney S. Lee; Grace P. Lee; Michael Borne; Bryant M. Allen; Doris J.
Allen; Honey E. Holman; Herbert B. Ivison, Jr. Residence Trust; Kathleen S. Gordon;
James D. Gordon; Jo Jeff F. Gordon; Steve G. Rogers; Anne W. Rogers; Auburn C.
Lambeth; Glenn F. Morris; Mildred M. Morris; Scott G. Lamb; and Gail T. Lamb.1 See
Complaint, attached as Exhibit A.*

28.     At some time during the litigation the City of Jackson was added as a Third Party Defendant
to the *Carraway* suit.

29.     At some time during the litigation T.L. Carraway died and his Estate was substituted as a
party plaintiff as was the Thomas L. Carraway, Jr., Living Trust.2

30.     Sylvia Carraway, T.L. Carraway's widow, was not substituted as a party plaintiff.

31.     During the *Carraway* suit both Randle Voyles and Bryant Allen both died.

32.     The Complaint in the *Carraway* suit provides, in part:

### Complaint
***
#### Facts Giving Rise to the Causes of Action:

19. Plaintiff is the fee simple owner of property located on Lots 19 of Block D, Eastover
Subdivision, Section 27, according to a plat on file and of record in the office of the Chancery

---

1 The defendants therein are collectively referred to herein as "*Carraway* Defendants".
2 These parties are collectively referred to herein as "*Carraway* Plaintiffs".

Clerk of Hinds County at Jackson, Mississippi in plat book 19 at page 38, who have a physical address of 2680 Lake Circle Drive, Jackson, Mississippi 39211 (hereafter "the Property").

20. Defendants are the fee simple owners of property located on six (6) lots of Block L, Eastover Subdivision, Section 2, according to a plat on file and of record in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi in plat book 9 at page 39 and ten (10) lots of Block M., Eastover Subdivision, Section 17, according to a plat on file and of record in the office of the Chancery Clerk of Hinds County at Jackson, Mississippi in plat book 13 at page 43. Defendants are the fee simple owners of the lots as follows:

| | | |
|---|---|---|
| A. | Jack and Leigh M. Herrin | Lot 1, Block L, Eastover Sub., Sec. 2 |
| B. | C. Lee and Nina D. Lee | Lot 2, Block L, Eastover Sub., Sec. 2 |
| C. | Randle C. and Elizabeth R. Voyles | Lot 3, Block L, Eastover Sub., Sec. 2 |
| D. | Catherine D. Robinson | Lot 4, Block L, Eastover Sub., Sec. 2 |
| E. | Linda H. Barrett | Lot 5, Block L, Eastover Sub., Sec. 2 |
| F. | Sidney S. and Grace P. Lee | Lot 6, Block L, Eastover Sub., Sec. 2 |
| | | |
| G. | Michael Borne | Lot 10, Block M, Eastover Sub., Sec 17 |
| H. | Bryan M. and Doris J. Allen | Lot 9, Block M, Eastover Sub., Sec 17 |
| I. | Honey E. Holman | Lot 8, Block M, Eastover Sub., Sec 17 |
| J. | Herb Ivison, Jr., Residence Trust | Lots 7 and 6, Block M, Eastover Sub., Sec 17 |
| K. | James D., Jo Jeff F. and Kathleen S. Gordon | Lot 5, Block M, Eastover Sub., Sec 17 |
| L. | Steven G. and Anne W. Rogers | Lot 4, Block M, Eastover Sub., Sec 17 |
| M. | Auburn C. Lambeth | Lot 3, Block M, Eastover Sub., Sec 17 |
| N. | Glenn F. and Mildred M. Morris | Lot 2, Block M, Eastover Sub., Sec 17 |
| O. | Scott G. and Gail T. Lamb | Lot 1, Block M, Eastover Sub., Sec 17 |

21. The Defendants each own title to a portion of Eastover Lake to the center of the lake in fee simple as a part of their respective lots. By Deed of Dedication dated the 3rd day of July, 1978, the Developer conveyed and quitclaimed all its right, title and interest in and to the land and property, including the spillway, dam and dam site, and any related easements thereof, underlying and related to that certain lake called "Eastover Lake" to the owners of Lots 1-6 of Block L, Eastover Subdivision, Section 2, and Lots 1-10 of Block M., Eastover Subdivision, Section 17. A copy of the Deed of Dedication is attached hereto as **Exhibit "B"** and incorporated herein by reference. The grantees in the Deed of Dedication are the Defendants herein and/or their predecessors in title.

22. Defendant Eastover Lake Association, Inc., was conveyed and quitclaimed a flowage easement in the Deed of Dedication attached as **Exhibit "B"** for the inundation, ownership control, operation and maintenance of Eastover Lake.

23. Eastover Lake is drained by an underground culvert system which was constructed by the Developer simultaneously with Eastover Lake. The underground culvert system begins at the Southeastern corner of Eastover Lake, and flows Southeasterly under Lake Circle and approximately along the East property line of the Plaintiff's Property. The underground culvert system opens into an open drainage system at the rear of the Plaintiff's Property and flows in a Southeasterly direction toward the Pearl River.

24. Approximately during the summer of 2004, a sinkhole began to form directly above and near the exit of the underground culvert system on the surface of the Plaintiff's Property. The sinkhole has grown to a large size and continues to grow today. The sinkhole has devoured and destroyed Plaintiff's Property, including but not limited to soil, mature trees, landscaping and wooden fence. The sinkhole has also interfered with Plaintiff's enjoyment of his property and has created a dangerous nuisance and serious risk of injury.

25. The underground culvert system lies within an implied easement for the benefit of the Defendants and the Defendants' Property. The Defendants have a duty and responsibility to maintain and repair the underground culvert system lying within the implied easement, and to repair the damage to Plaintiff's Property caused by the sinkhole. The Defendants have refused to repair the implied easement and Plaintiff's Property after written demand as shown on the attached **Exhibit "C"** which is incorporated herein by reference.

### Relief Sought:

#### *Declaratory Judgment: Implied Easement*

26. The Developer planned, developed and constructed Eastover Subdivision, including Eastover Lake, at a time when the Developer owned all of the property included in the Eastover development. At the same time the Developer constructed Eastover Lake, the Developer constructed the underground culvert system as an overflow drain system for the lake. The underground culvert system existed at the time of the first conveyance of any lots in Block D, Section 27; Block L, Section 2; and Block M., Section 17 of Eastover Subdivision to Plaintiff, Defendants and/or their predecessors in title. The underground culvert system is and has been continuous, apparent, permanent and necessary for the overflow drainage of Eastover Lake

8

since the development was owned solely by the Developer. Additionally, the underground culvert system benefits all Defendants herein.

27. Plaintiff prays that the Court will issue its judgment declaring that an implied easement for the underground culvert lake overflow drain system does now exist and has existed since the time of the construction of Eastover Lake and the underground culvert and lake overflow drain system over and across the Plaintiff's Property.

### Declaratory Judgment: Easement by Prescription

28. Plaintiff re-alleges and re-adopts all facts and allegations set forth in paragraphs 1 thru 27 herein above.

29. Alternatively, the underground culvert system has existed in its current form and location since the construction of Eastover Lake approximately as early as 1949, but no later than 1962. The underground culvert system has been in existence and use continually, uninterrupted, open, notorious and hostile for more than ten (10) years.

30. Plaintiff prays that the Court will issue its judgment declaring that an easement by prescription for the underground culvert lake overflow drain system does now exist and has existed from a date which is ten (10) years after the time of the construction of Eastover Lake and the underground culvert and lake overflow drain system over and across the Plaintiff's Property.

### Repair and Maintenance of Easement

31. Plaintiff re-alleges and re-adopts all facts and allegations set forth in paragraphs 1 thru 30 herein.

32. Defendants are the owners of Property lying within and adjacent to Eastover Lake. Therefore, Defendants are the owners of the dominant estate which benefits from the underground culvert system and implied easement located over and across Plaintiff's Property. Defendants, as the owners of the dominant estate, have a responsibility and duty to maintain and repair the underground culvert system and easement, and to take all those necessary steps required to prevent damage and waste to Plaintiff's Property, including the area of the sinkhole located on Plaintiff's Property.

33. Plaintiff prays that the Court, upon a full hearing of the facts and evidence, will order the Defendants to repair the underground culvert system, sinkhole and Plaintiff's Property, including but not limited to the repair and restoration and/or replacement of soil, trees, landscaping and fence, to the condition prior to the formation of the sinkhole, and to continue to maintain such easement in perpetuity.

### Damages:

34. Plaintiff re-alleges and re-adopts all facts and allegations set forth in paragraphs 1 thru 33 herein

above.

35. That, as a direct, sole and proximate cause of Defendants' negligence and refusal to maintain and repair the easement for which each Defendant is jointly and severally liable, Plaintiff has suffered the following injuries, losses and damages:

A. Damages to the Property;

B. Loss of use and enjoyment to Property; and

C. Past, present and future mental pain, suffering and anguish.

36. Plaintiff prays that the Court, upon a full hearing of the facts and evidence, will find for the Plaintiff and against Defendants and order that Plaintiff be awarded damages from the Defendants, jointly and severally, including but not limited to damages to the Property, emotional distress, loss of use and enjoyment of property, all out-of-pocket expenditures by Plaintiff, attorneys' fees and all costs of court.

*See Exhibit A.*

33.   At the time the allegations in the *Carraway* suit were alleged to have occurred, some of the *Carraway* defendants had insurance with State Farm.

34.   Glenn F. Morris and Mildred Morris had homeowners and personal liability umbrella ("PLUP") policies issued by State Farm bearing policy numbers 24-B3-9186-0 and 24-17-3213-0, respectively. *See Morris Homeowners Policy, bates Morris-(HO)CP 24-B3-9186-0-1000000 through 100037, attached as Exhibit B; Morris PLUP bates Morris-CP(PLUP) 24-17-3213-0-10000 through 100016, attached as Exhibit C.*

35.   Auburn Lambeth had a homeowners policy issued by State Farm bearing policy number 24-CV-1939-6. *See Lambeth homeowners policy, bates Lambeth-(HO)CP 24-CV-1939-6-100000 through 100034, attached as Exhibit D.*

36.   Scott Lamb and Gail Lamb had a homeowners policy issued by State Farm bearing policy number 24-CE-1642-6. *See Lamb homeowners policy, bates Lamb-(HO)CP 24-CE-1642-6-100000 through 100035, attached as Exhibit E.*

37.   Kathleen S. Gordon and Kyle Gordon had homeowners and personal liability umbrella

policies issued by State Farm bearing policy numbers 24-B5-0490-0 and 24-18-2170-9, respectively. *See Gordon homeowners policy, bates Gordon-(HO)CP 24-B5-0490-0-100000 through 100036, attached as Exhibit F; Gordon PLUP, bates Gordon-CP (PLUP) 24-18-2170-9-100000 through 100016, attached as Exhibit G.*

38.  James D. Gordon and Jo Jeff F. Gordon were also insured by State Farm.

39.  Eastover Lake Association was insured by Nationwide Mutual Fire Insurance Company.

40.  State Farm provided a defense to each of its insureds for the claims made in the *Carraway* suit.

41.  Nationwide provided a defense to its insured, Eastover Lake Association, for the claims made in the *Carraway* suit.

42.  Nationwide and/or Eastover Lake Association refused to provide a defense or to indemnify any individual homeowners under the policy issued to Eastover Lake Association.

43.  A bench trial was held before the Honorable Chancellor Denise Owens.

44.  After trial Chancellor Owens entered her Order and Opinion dated July 16, 2010.

45.  Subsequently Chancellor Owens entered her Amended Order and Opinion dated January 21, 2011. *Attached hereto as Exhibit H.*

46.  The Amended Order and Opinion states:

> The Court finds that an implied easement in favor of the Lake Owner Defendants and Defendant Eastover Lake Association.
> The Court finds that the City, the Lake Owner Defendants and Defendant Eastover Lake Association are jointly and severally liable for the sinkhole on the Plaintiffs' property and all are hereby ordered to immediately repair the culvert system and to eliminate erosion. The City is hereby liable for 40% of the costs to repair the culvert system and to eliminate erosion. The Lake Owner Defendants are hereby liable for 30% of the costs to repair the culvert system and to eliminate erosion. Defendant Eastover Lake Association is hereby liable for 30% of the costs to repair the culvert system and to eliminate the erosion.
> The City, the Lake Owner Defendants and Defendant Eastover Lake Association are also hereby ordered to have the soil and vegetation replaced which has been eroded due to the failure of

the culvert system. The City is hereby liable for 40% of the soil and vegetation replacement which has been eroded due to the failure of the culvert system.   The Lake Owner Defendants are hereby liable for 30% of the soils and vegetation replacement which has been eroded due to the failure of the culvert system. Defendant Eastover Lake Association is hereby liable for 30% of the soil and vegetation replacement which has been eroded due to the failure of the culvert system. . . .

The Lake Owner Defendants and Defendant Eastover Lake Association are further ordered that they shall maintain the culvert system in such a way to prevent further harm to the Plaintiffs' property.

*See Exhibit H, pg. 23-24.*

47.   Defendants appealed the Chancery Court's Amended Order and Opinion.

48.   The Supreme Court entered its Opinion on November 1, 2012. *See Opinion attached as*

*Exhibit I.*

49.   The Supreme Court Opinion provides:

We affirm in part, finding that the issues raised by the Lake Owner Defendants and ELA are without merit, except that the chancellor erred by ordering joint and several liability. We reverse and remand for apportionment of liability in accordance with Mississippi Code Section 85-5-7 (Rev. 2011). The City correctly argues that, because the chancellor rejected the indemnity claims brought by the Lake Owner Defendants and ELA against the City, there was no basis for the chancellor's apportionment of liability to the City. Therefore, we reverse the chancellor's apportionment of liability to the City and render judgment in favor of the City.

*See Exhibit I, pg. 3.*

50.   The homeowners policies issued to Glenn Morris and Mildred Morris, Scott Lamb

and Gail Lamb, Kathleen Gordon and Kyle Gordon, and Auburn Lambeth provide:

HOMEOWNERS POLICY
DEFINITIONS

"You" and "your" mean the "named insured" shown in the Declarations.   Your spouse is included if a resident of your household. "We", "us" and "our" mean the Company shown in the Declarations.

Certain words and phrases are defined as follows:

\*\*\*

7."occurrence", when used in Section II of this policy means an accident, including exposure to conditions, which results in:

     a.     bodily injury; or
     b.     property damage;

during the policy period. Repeated or continuous exposure to the same general conditions is considered

to be one occurrence.

8. "property damage" means physical damage to or destruction of tangible property, including loss of use of this property. Theft or conversion of property by any insured is not property damage.
\*\*\*

SECTION II – LIABILITY COVERAGES
COVERAGE L – PERSONAL LIABILITY

If a claim is made or a suit is brought against an insured for damages because of bodily injury or property damage to which this coverage applies, caused by an occurrence, we will:
1.  pay up to our limit of liability for the damages for which the insured is legally liable; and
2.  provide a defense at our expense by counsel of our choice. We may make any investigation and settle any claim or suit that we decide is appropriate. Our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment resulting from the occurrence equals our limit of liability.

\*\*\*
SECTION II- EXCLUSIONS

\*\*\*
2. Coverage L does not apply to:
        a.      liability:
                (1)      for your share of any loss assessment charged against all members of an association of property owners; or

\*\*\*
SECTION II CONDITIONS

\*\*\*
8.  Other Insurance- Coverage L.  This insurance is excess over any other valid and collectible insurance except insurance written specifically to cover excess over the limits of liability that apply in this policy.

SECTION I AND SECTION II- CONDITIONS

1.  Policy Period. This policy applies only to loss under Section I or bodily injury or property damage under Section II which occurs during the period this policy is in effect.

*See Homeowners policies attached as Exhibits B, D, E and F.*

51.      The personal liability umbrella policies issued to Glenn Morris and Mildred Morris

      and Kyle Gordon and Kathleen Gordon provide:

PERSONAL LIABILITY UMBRELLA POLICY
\*\*\*
DEFINITIONS

In this policy, "you" and "your" refer to the "insured" as defined. "We", "us" and "our" refer to the Company listed in the Declarations. The following definitions are important.

13

\*\*\*

5. "insured" means:
    a. the named insured;
    b. the following residents of the named insured's household:
        (1) the named insured's relatives; and
                \*\*\*

7. "named insured" means the person named in the Declarations and the spouse. The spouse must be a member of the same household.
\*\*\*

11. "property damage" means physical injury to or destruction of tangible property. This includes the loss of use caused by the injury or destruction.
\*\*\*

14. "retained limit" means:
    a. the total limits of liability of your underlying insurance; or
    b. the amount shown on the Declarations as the "Self-Insured Retention". This amount
      applies only if this policy applies but your required underlying insurance policy does not
      include coverage for the loss.

## COVERAGES

1. Coverage L – Personal Liability. If you are legally obligated to pay damages for a loss, we will pay your net loss minus the retained limit. Our payment will not exceed the amount shown on the Declarations as Policy Limits- Coverage L- Personal Liability.
\*\*\*

## EXCLUSIONS

We will not provide insurance:
\*\*\*

8. for any loss caused by your act or omission as a member of a corporation's board of directors. This exclusion does not apply if the corporation:

    a.  was formed as a not-for profit corporation; and
    b.  does not involve your business.
\*\*\*

12.    for your share of a loss assessment charged against you as a member of an association of property owners.
\*\*\*

## OTHER CONDITIONS

These are other conditions you should know:
\*\*\*

5.    Other Insurance. This policy is in excess over all other valid and collectible insurance.
\*\*\*

11. Policy Period.   This policy applies only to loss which occurs during the period this policy is in effect.

\*\*\*

14

POLICY ENDORSEMENT (FE-7786)
DEFINITIONS

The following are added:

***

"loss", "net loss" and "personal injury" are replaced with the following:

6. "loss" means:

　　a. an accident, including injurious exposure to conditions, which results in bodily injury or property damage during the policy period. Repeated or continuous exposure to the same general conditions is considered to be one loss; or

***

8. "net loss" means:

　　a. the amount you are legally obligated to pay as damages for bodily injury, personal injury　or property damage; and

　　b. all reasonable expenses you incur in the investigation, settlement and defense of a claim or suit at our request. This does not include expenses covered by another policy, expenses we cover under the Defense and Settlement section of this policy, and salaries of your employees.

*See Exhibits C and G.*

## REQUEST FOR DECLARATORY JUDGMENT

52. The Chancery Court's Amended Order and Opinion require the *Carraway* Defendants, including the various State Farm insureds identified herein, to (1) repair the culvert system and to eliminate erosion, (2) to replace the soil and vegetation which has been eroded due to the failure of the culvert system, and (3) to provide ongoing maintenance and repair to ensure the culvert system does not provide further harm to the *Carraway* Plaintiffs property essentially in perpetuity.

53. The Chancery Court's Amended Order and Opinion does not award any damages to the *Carraway* Plaintiffs for damage or injury to their property.

54.  The Supreme Court's Opinion does not require the Chancery Court to award any specific dollar amount to the *Carraway* Plaintiffs for damage to their property.

55. Because there is no monetary or damage award to the *Carraway* Plaintiffs, there is a

question as to whether there is an obligation for State Farm to actually engage, directly or indirectly in the repair of the culvert system or the replacement of soil and vegetation to occur.

56. The homeowners policy and the PLUP require State Farm to pay "damages", and do not require State Farm to undertake the obligation to make repairs to the culvert system or to replace soil or vegetation.  The nature of the relief granted is outside the scope of any coverage provided in any State Farm policy.

57. Because there is no monetary award to the *Carraway* Plaintiffs for future or ongoing maintenance, there is no obligation for State Farm to maintain or repair the culvert system in the future or to provide indemnity to any insured for his/her share of the cost to maintain or repair the culvert system in the indefinite future.

58. Future maintenance and repair work to the culvert system does not constitute "property damage" as defined by the PLUP or the homeowners policies issued by State Farm.

59. Future maintenance and repair work to the culvert system does not constitute an "occurrence" as defined by the homeowners policy.

60. Future maintenance and repair work to the culvert system does not constitute a "loss" as defined by the PLUP.

61. Exclusion 2.a. of the homeowners policy applies to preclude coverage for any ongoing or future maintenance or repair obligations.

62. Exclusions 8 and 12 of the PLUP operate to preclude coverage for any ongoing, or future, maintenance or repair obligations.

63. The PLUP and HO policies only provide coverage for covered acts which occur during the

relevant periods of each policy and any prospective relief of any kind would not fall within the policy period of the PLUP or HO policies in suit.

64. The PLUP and HO policies contain an "Other Insurance" clause which allows for allocation among insurers if other insurance exists to provide coverage for some or all of a claim.

65. The policy issued by Nationwide may provide primary or other coverage for some or all of any damages which may ultimately be assessed to the individual homeowners defendants, and to the extent that Nationwide's policy provides coverage for some or all of such damages, defense cost, attorneys fees and expense State Farm's liability for the same to its insureds should be reduced by operation of the "Other Insurance" provision and Nationwide should also be required to reimburse State Farm fully if Nationwide coverage is found to be primary, and otherwise in accordance with the other insurance clause of its policies for all defense cost, including attorneys fees, expenses and litigation cost by Nationwide and or its insured, ELA.

66. Other policies of insurance may also provide coverage for some or all of any damages, litigation costs, defense costs, including attorneys fees and expenses or obligations which have been paid or may ultimately be assessed to or on behalf of the individual homeowner defendants, including State Farm's insureds, or may be assessed against all individual members of the Eastover Lake Association, some of which may be State Farm insureds who have not yet been identified.

67. Such other policies, including that issued by Nationwide to Eastover Lake Association, may provide coverage that is primary in nature, and State Farm seeks a determination as to its liability based on its position as holding primary or excess coverage, for any claims that are

17

covered by its policies.

68. State Farm is entitled to declaratory judgment as to the nature and extent of its liabilities to
its insureds, or anyone claiming through them, as stated herein.

## **PRAYER FOR RELIEF**

For these reasons and for any such other reasons which may be revealed through discovery,
State Farm seeks this Court's determination that the policies issued to State Farm's insureds (1) do
not require State Farm to undertake any affirmative acts in the future   to repair or pay for future
repair of the culvert system, or to replace in the future vegetation or soil or to pay for same in the
future on the *Carraway* Plaintiffs property, and only require State Farm to pay its share of any
monetary damages, if any, assessed to its insureds; (2) do not provide coverage for any obligation
imposed on any State Farm insured to maintain or repair the culvert system at Eastover Lake in the
future either directly as result of their ownership interest in the lake, or indirectly as a member of
Eastover Lake Association through any assessment to the property owner members by the Eastover
Lake Association, or to pay for such in the future; (3) exclude from coverage any assessment for

18

maintenance and repair that the individual homeowners of the Eastover Lake Association may be assessed by virtue of their membership in the Association.

State Farm further seeks a determination as to the coverage afforded to its insureds under any other applicable policy of insurance, which may operate to offset or reduce State Farm's liability to pay costs incurred in repairing the culvert system and in replacing soil and vegetation on the *Carraway* Plaintiffs property. State Farm further seeks a determination as to primary and excess coverage obligations of the various insurers pursuant to any such policies, and a determination of the various insurers obligations to provide defense and indemnity. State Farm additionally seeks reimbursement of its attorney fees and costs in defending and indemnifying its insureds to the extent any other policy may provide coverage for same. State Farm further seeks a declaration that the *Carraway* Plaintiffs are estopped from any attempt to re-characterize the damages sought in the Chancery Court suit to attempt to bring same within the coverages of State Farm's policies.

**WHEREFORE, PREMISES CONSIDERED**, State Farm requests this Court declare the rights and duties of State Farm under the policies of insurance identified herein, declaring the liability, if any, owed to Defendants herein with regard to any future maintenance and repair obligations of Defendants for the culvert system at Eastover Lake, declaring the obligations of the various insurers as described herein, and for any such other relief to which it may be entitled.

**RESPECTFULLY SUBMITTED**, this the ___ day of December 2012.

> **WEBB, SANDERS, & WILLIAMS, P.L.L.C.**
> **POST OFFICE BOX 496**
> **TUPELO, MISSISSIPPI 38802-0496**
> **(662) 844-2137**
> **DAN W. WEBB, MSB# 7051**
> **ROECHELLE R. MORGAN, MSB# 100621**
>
> **BY:** _____

20